## GAS SECURITIES CO. v. NILE IRRIGATION DIST. et al.

(Circuit Court of Appeals, Eighth Circuit. October 22, 1923.)

### No. 5875.

**1. Waters and water courses ☞230(6)—Bondholder of irrigation district limited to fund provided by statute for payment of his bonds.**

Under Irrigation Act Colo. (Rev. St. 1908, §§ 3440–3494), providing that interest and principal of bonds of an irrigation district shall be paid from a special "bond fund" to be kept separate, and consisting of the proceeds of an annual assessment on the lands in the district, which may be assessed to the extent necessary to meet payments of interest and principal as they come due, a bondholder is limited to such fund, and cannot subject other funds of the district to payment of his bonds.

**2. Waters and water courses ☞230(6)—Irrigation district not subject to coercion by court as to expenditure of its general funds.**

A bondholder of an irrigation district *held* not entitled to a decree of court requiring the district to apply the proceeds of a judgment recovered against a contractor for construction of irrigation ditches for breach of contract to the construction of irrigation improvements where by statute the money goes into its general fund, which may be expended for any legitimate purpose.

Appeal from the District Court of the United States for the District of Colorado; John C. Pollock, Judge.

Suit by the Gas Securities Company against the Nile Irrigation District and others. From an order denying a preliminary injunction, complainant appeals. Affirmed.

Henry McAllister, Jr., of Denver, Colo. (George E. Tralles, of Denver, Colo., on the brief), for appellant.

Irving B. Melville, of Denver, Colo. (Max D. Melville, of Denver, Colo., and Walter S. Coen, of Ft. Morgan, Colo., on the brief), for appellees.

Before STONE, Circuit Judge, and VAN VALKENBURGH and KENNEDY, District Judges.

STONE, Circuit Judge. This is an appeal from denial of a temporary injunction.

[1] The company is owner of a large amount of the bonds of the district. The district has secured a judgment in the state court against the contractor and his surety on a bond securing the performance of a contract to construct the irrigation system of the District. Colorado Irrigation Construction Co. v. Nile District, 69 Colo. 366, 194 Pac. 609. The bill seeks either to attach an equitable lien to the proceeds of this judgment in favor of the bonds held by the company, or, failing in that, to require application of such proceeds to construction of the system.

One ground advanced in opposition by the district is that no equitable lien can exist in opposition to governing statutes; that the Colorado statutes definitely determine the funds to which the company must look for payment of its bonds and that the proceeds of such a judgment as this are not thus applicable.

The particularly pertinent statutory provisions are contained in sections 17, 20, and 21 of the Irrigation Act (Rev. Stat. 1908, §§ 3440–3494), which act governs the organization, powers and duties of such a district as this is. In section 17 it is provided:

"Said bonds, and the interest thereon, *shall be paid by revenue derived from an annual assessment* upon the real property of the district, and the real property of the district shall be and remain liable to be assessed for such payments as herein provided." (Italics ours.)

In section 20 it is provided that the levy for payment of bonds and interest shall be at a rate (plus 15 per cent. for contingencies) sufficient to pay the bonds and interest as they come due. In section 21 it is provided:

"Every county treasurer shall keep a *bond fund* account and a *general fund* account. The bond fund account shall consist of all moneys received on account of interest and principal of bonds issued by said district, said accounts for principal and interest shall be kept separate. The *general* fund shall consist of *all other* moneys or general fund warrants received by the collection of taxes or *otherwise.* The district treasurer aforesaid shall pay out of said bond fund, when due, the interest and principal of the bonds, * * * and shall pay out of said general fund only upon the order of the district. * * *" (Italics ours.)

These sections reveal the statutory plan to be that bonds shall be paid by annual assessments on the lands in the district sufficient to pay the principal and the interest of the bonds; that the proceeds of such assessments are to be kept in a distinct "bond fund" with separate interest and principal accounts and that all other income of the district is to be kept in a "general fund," from which all other district expenses and expenditures are to be paid. To further secure the bonds, a lien is given upon the real property in the district. The bonds are of purely statutory origin and can look to no other sources of nor securities for payment than those provided in the statute. The statute is definite and specific upon these matters. It follows that no lien extending such rights to other funds can be recognized. Since this judgment and its proceeds fall without the statutory provisions for payment or security of these bonds, no lien can be attached thereto in favor of the bonds.

[2] The contention that the district can be compelled to apply these proceeds to construction of the irrigation improvements does not seem sound. This money is no part of that secured by sale of bonds of the district. Nor is it funds raised by taxation or otherwise for the specific purpose of construction work. It is money coming into the "general fund" of the district and subject to expenditure for any legitimate purpose of the district. Whether it be applied by the district to construction work or to other valid purposes is not for this court to say. There is no statutory duty compelling any specific application and the fact that it came from the construction bond or that, if expended in construction, it would better secure these district bonds furnishes, in our judgment, no legal basis for direction of the expenditure of that money by this court.

Appellant relies upon Gas Securities Co. v. Antero & Lost Park Reservoir Co., 259 Fed. 423, 170 C. C. A. 399, decided by this court. The

funds there involved were proceeds of the sales of bonds. The court there said (259 Fed. 431, 170 C. C. A. 407, italics ours):

"They, planning the improvement of their low-priced lands, sought to borrow money for that one specific object, and offered such lands *thus improved by that money* as security for its repayment. The statute permitted them to organize a municipal corporation for the sole purpose of furnishing a convenient vehicle for the one purpose of making such improvements *through funds so acquired.* For no other purpose could they organize such a district; *for no other purpose could they issue bonds of the district; for no other purpose could they expend the proceeds from the sale of such bonds.* The object of being of the district is single and definite; its life work clearly outlined; its obligations to those who purchase its bonds clouded by no uncertainty. Suppose that after selling its bonds the directors and electors of the district should honestly change their views, and decide that *the bond money* could be better employed in building schools or roads therein, would the bondholders be powerless to intervene? When they have parted with their money upon the definite understanding *that it will be used in a prescribed manner to increase, if indeed, not practically to create, their security, have they no right to prevent its diversion and practical loss to them which they can enforce in the courts of the country?*"

And on page 432 of 259 Fed., on page 408 of 170 C. C. A., it was said:

"The general principle that where one has received money to be applied to a particular purpose he is liable to interested parties as a trustee, for a diversion or misapplication thereof is illustrated by Taylor v. Benham, 5 How. 233, 274, 12 L. Ed. 130."

That decision was based upon the fact that the funds there involved were the proceeds from the bonds themselves. The funds here involved arose from a very different source and are within neither the facts nor reasoning of that opinion. We think that case inapplicable here.

The order appealed from is affirmed.